UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STRIKE 3 HOLDINGS, LLC,** a limited
liability company

    Plaintiff,

v.                                                 Case No: 5:23-cv-541-JA-PRL

**JOHN DOE,**

    Defendant.

## ORDER

Plaintiff, Strike 3 Holdings, LLC, as the alleged owner of copyrights for several adult videos, upon which copyrights John Doe allegedly infringed, sought permission to serve Defendant's alleged Internet Service Provider (ISP), Comcast Cable Communications, LLC (hereafter, the ISP), with a subpoena for subscriber information prior to the Federal Rule of Civil Procedure 26(f) conference. (Doc. 9). In granting the motion, the Court recognized that the individual in whose name the internet access is subscribed at a given IP address may not be the same individual who engaged in the infringing activity; that there is a substantial risk that a non-infringing party could be identified and served; but that the privacy concerns of non-infringers are not sufficient to deny Plaintiff access to the discovery sought because, without it, Plaintiff cannot proceed with its case. Accordingly, the subpoena was issued.

On September 20, 2023, the Movant, who is proceeding *pro se*, filed the instant motion to quash or vacate the subpoena after receiving a letter from Comcast that he was identified as the subscriber for the IP address identified in the subpoena. (Doc. 11). The movant argues that he has no knowledge of the alleged copyright infringement and that he is not the only internet user in his home. (Doc. 11). The Movant asks that the Court not allow Plaintiff to see the motion because it contains his name and address which is the information sought by the subpoena. As an initial matter, Plaintiff is entitled to see and respond to the motion. Moreover, as discussed below, the motion is due to be denied, and thus, Plaintiff is entitled to receive the information sought by the subpoena.

Motions to quash are governed by Rule 45 of the Federal Rules of Civil Procedure. Alleged actual innocence is not a ground to quash a subpoena. Rather, pursuant to Rule 45(d)(3)(A), a court is required to quash or modify a subpoena if it: fails to allow a reasonable time to comply; requires a person to comply beyond the specified geographical limits; requires disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 45(d)(3)(B) also permits a court to quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information, or disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

Here, the Movant does not raise any legitimate grounds for quashing the subpoena under Rule 45(d)(3). Accordingly, the Movant's motion (Doc. 11) is due to be **DENIED**. To the extent Plaintiff wishes to name the Movant as the Doe Defendant, it must comply with

- 3 -

the Court's previous Order granting Plaintiff's motion to serve the subject subpoena. (Doc. 10). Plaintiff shall serve a copy of this Order on Comcast Cable Communications, LLC.

    **DONE** and **ORDERED** in Ocala, Florida on October 10, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties